UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CORY ADAMS, | No. 2:13-cv-1712 AC P |
| Petitioner, | |
| v. | ORDER |
| BRENDA M. CASH, Warden, | |
| Respondent. | |

Petitioner, a state prisoner proceeding with retained counsel, has filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254.  Petitioner has paid the filing fee.  Petitioner has also consented to the jurisdiction of the undersigned.  ECF No. 7.  The petition challenges petitioner's 2009 conviction for child sexual abuse on the following grounds: (1) ineffective assistance of trial counsel; and (2) due process violation by the exclusion of defense expert testimony on the key trial issue.  Id. at 21-33.

Petitioner has filed a motion for a stay and abeyance.  ECF No. 6.  On the date the instant federal petition was filed, August 21, 2013, only ground two was exhausted.  Petitioner informs the court that a habeas petition was filed in the California Supreme Court on or about August 19, 2013, presenting the allegations of ground one: that trial counsel rendered ineffective assistance, in violation of the Sixth Amendment, by failing to call a qualified expert regarding the physical symptoms of child abuse.  Petitioner seeks a stay of the instant petition pending exhaustion of

1

ground one, pursuant to Rhines v. Webber, 544 U.S. 269 (2005). Under Rhines, the district court may stay a habeas petition containing both exhausted and unexhausted claims pending further exhaustion. Id. at 277. It would be an abuse of discretion to deny a stay where the petitioner had good cause for the failure to previously exhaust, the unexhausted claims are potentially meritorious, and there is no indication that petitioner has been intentionally dilatory in pursuing the litigation. Rhines, supra, at 277-78.

Petitioner has sufficiently satisfied these criteria. He has proffered facts demonstrating that he acted diligently in seeking a new trial on ineffective assistance grounds immediately following his conviction. The trial court denied the new trial motion on grounds that petitioner had not presented an expert witness qualified in the physical symptoms of child abuse. Appointed appellate counsel challenged the denial of the new trial motion, but failed to seek expansion of his appointment or otherwise address the failure of proof regarding available expert witness testimony. On conclusion of appeal, petitioner retained habeas counsel in a reasonably diligent effort to pursue collateral relief in state and federal court. Habeas counsel promptly pursued, for the first time, development of the necessary expert opinion. This procedural history demonstrates cause for the failure to previously exhaust the claim. The claim is not plainly meritless.[1] Nor, as petitioner notes, has there been any finding as yet of procedural default. Martinez v. Ryan, 132 S. Ct. 1309, 1316 (2012). Finally, the state Supreme Court habeas petition has already been filed.

The court finds a stay warranted pending exhaustion of ground one in state court.

Accordingly, IT IS ORDERED that:

1. Petitioner's request for a stay (ECF No. 6), pending exhaustion of ground one of the instant petition, is granted;

2. Petitioner must inform the court within thirty days of the decision by the state Supreme Court regarding the pending petition exhausting ground one, the ineffective assistance of counsel

---

[1] According to petitioner, as a result of a complaint he filed against his trial attorney with the California State Bar, petitioner was determined "to be owed $30,000, in part because of [his attorney's] failure to perform sufficient investigation." Petition at 19.

ground one, pursuant to Rhines v. Webber, 544 U.S. 269 (2005). Under Rhines, the district court may stay a habeas petition containing both exhausted and unexhausted claims pending further exhaustion. Id. at 277. It would be an abuse of discretion to deny a stay where the petitioner had good cause for the failure to previously exhaust, the unexhausted claims are potentially meritorious, and there is no indication that petitioner has been intentionally dilatory in pursuing the litigation. Rhines, supra, at 277-78.

Petitioner has sufficiently satisfied these criteria. He has proffered facts demonstrating that he acted diligently in seeking a new trial on ineffective assistance grounds immediately following his conviction. The trial court denied the new trial motion on grounds that petitioner had not presented an expert witness qualified in the physical symptoms of child abuse. Appointed appellate counsel challenged the denial of the new trial motion, but failed to seek expansion of his appointment or otherwise address the failure of proof regarding available expert witness testimony. On conclusion of appeal, petitioner retained habeas counsel in a reasonably diligent effort to pursue collateral relief in state and federal court. Habeas counsel promptly pursued, for the first time, development of the necessary expert opinion. This procedural history demonstrates cause for the failure to previously exhaust the claim. The claim is not plainly meritless.[1] Nor, as petitioner notes, has there been any finding as yet of procedural default. Martinez v. Ryan, 132 S. Ct. 1309, 1316 (2012). Finally, the state Supreme Court habeas petition has already been filed.

The court finds a stay warranted pending exhaustion of ground one in state court.

Accordingly, IT IS ORDERED that:

1. Petitioner's request for a stay (ECF No. 6), pending exhaustion of ground one of the instant petition, is granted;

2. Petitioner must inform the court within thirty days of the decision by the state Supreme Court regarding the pending petition exhausting ground one, the ineffective assistance of counsel

---

[1] According to petitioner, as a result of a complaint he filed against his trial attorney with the California State Bar, petitioner was determined "to be owed $30,000, in part because of [his attorney's] failure to perform sufficient investigation." Petition at 19.

1  claim; and

2       3. The Clerk of the Court is directed to administratively close this case.

3  DATED: September 10, 2013

4  _____
ALLISON CLAIRE
5  UNITED STATES MAGISTRATE JUDGE

8  AC:009
adam1712.ord